NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50142 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03072-TWR-1 |
| v. | |
| ANDREW HACKETT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted August 21, 2023
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Andrew Hackett appeals his conviction for one count of securities fraud, 15 U.S.C. §§ 78j(b) and 78f(f); 17 C.F.R. § 240.10b-5, and one count of conspiracy to commit securities fraud, 18 U.S.C. § 371. Hackett also appeals his 46-month prison sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] In a concurrently filed opinion, we hold that the district court did not plainly err in applying a sixteen-level sentencing enhancement based on intended loss.

1. The district court neither violated the Speedy Trial Act nor abused its discretion when it continued Hackett's trial for six months due to the COVID-19 pandemic. *See United States v. Orozco-Barron*, 72 F.4th 945, 954 (9th Cir. 2023), *as amended*; *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), *as amended*. "The Speedy Trial Act . . . includes an ends of justice provision, allowing for the exclusion of time where a district court finds 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Olsen*, 21 F.4th 1036, 1041 (9th Cir. 2022) (quoting 18 U.S.C. § 3161(h)(7)(A)). And "a global pandemic falls within the unique circumstances that permits a court to temporarily suspend a jury trial in the interest of public health and safety." *Orozco-Barron*, 72 F.4th at 959; *see also Olsen*, 21 F.4th at 1047; *United States v. Walker*, 68 F.4th 1227, 1237–38 (9th Cir. 2023).

2. Absent contemporaneous objections, we review claims of prosecutorial misconduct for plain error. *See* Fed R. Crim. P. 52(b); *United States v. Medina Casteneda*, 511 F.3d 1246, 1249–50 (9th Cir. 2008). The prosecutor did not commit clear legal error, *see Puckett v. United States*, 556 U.S. 129, 135 (2009), by stating during closing arguments that a misleading letter from Hackett to a stock transfer agent was "alone . . . a basis to convict" Hackett of securities fraud. "Misrepresentation occurs 'in connection with' the purchase or sale of a covered security" so long as "the fraud and the stock sale coincide or are more than

tangentially related." *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1116 (9th Cir. 2013) (citation omitted). Here, the government's theory was that Hackett's misrepresentations to the transfer agent were "in connection with" the purchase or sale of a security because they were made for the purpose of lifting restrictions on stock—thereby enabling Hackett to later trade artificially inflated shares. That theory rests on a "more than tangential[]" relationship between Hackett's misrepresentations and his ultimate stock sale. *Id.* Regardless, given the jury instructions and the strong evidence supporting Hackett's conviction, any error in the prosecutor's closing argument was not prejudicial.

3. The district court did not plainly err when it instructed the jury that a defendant "knowingly" commits securities fraud if he fails to disclose a material fact that he "know[s] is necessary to make other statements true." *See Greer v. United States*, 593 U.S. 503, 507 (2021) (standard of review). Citing *Chiarella v. United States*, 445 U.S. 222, 235 (1980), Hackett argues this instruction was improper because it did not specify that "failure to disclose a material fact is fraud only when there is a duty to disclose." But we have held there is a duty to disclose all "material facts that are necessary to make disclosed statements, whether mandatory or volunteered, not misleading." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 504 (9th Cir. 1992). By requiring the jury to find that the withheld facts were "necessary to make other statements true," the district court's instruction satisfied *Chiarella*.

3

4. The district court did not abuse its discretion by admitting incriminating text exchanges between Hackett and unindicted co-conspirator Millhouse, nor did it plainly err by admitting the testimony of an FBI agent to authenticate that exchange. *See United States v. Baker*, 58 F.4th 1109, 1124 (9th Cir. 2023) (standards of review). Testimony from Agent Olmsted, Millhouse giving the phone to Olmsted, forensic analysis of the phone, and information on the texts themselves established "a prima facie showing" of the text messages' authenticity. *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000); *see also* Fed. R. Evid. 901(a). Hackett's unpreserved argument that Agent Olmsted lacked personal knowledge of whether the text messages involved Hackett fails because any error was not obvious or prejudicial. *See* Fed. R. Evid. 103(a), (e).

5. The district court did not abuse its discretion by excluding as inadmissible hearsay a text exchange between Hackett and co-conspirator Budhu, in which Hackett stated that he did not want to trade on non-public information. *See United States v. Bao*, 189 F.3d 860, 864 (9th Cir. 1999) (standard of review). Hackett argues the exchange was admissible under the "then-existing state of mind" exception to Rule 802 because it was not offered to prove that Hackett did not plan to engage in insider trading but rather to show Hackett's "motive" to "trade legally, not illegally." *See* Fed. R. Evid. 803(3). But even assuming this distinction is tenable, the text exchange took place in March 2018. It thus at best sheds light on Hackett's state of

mind several months after the "pump and dump" scheme for which he was charged. There was no error. Nor could we conclude that the exclusion of the text exchange prejudicially affected the verdict.

6. The district court did not err in applying a four-level "organizer or leader" sentencing enhancement under U.S.S.G. § 3B1.1(a). *See United States v. Doe*, 778 F.3d 814, 821 (9th Cir. 2015) (standard of review). Hackett set the prices for the trades involved in the pump-and-dump scheme, arranged phone calls among his conspirators, and was referred to by a co-conspirator as one of the people "running th[e] deal." The district court could conclude that, even though Hackett did "not retain a supervisory role over the [scheme's] other participants," he still "coordinated" their activities as an organizer, such that § 3B1.1(a) applied. *United States v. Varela*, 993 F.2d 686, 691–92 (9th Cir. 1993).

**AFFIRMED.**